## Perry & Denton *vs.* Colquitt, governor.

It is no ground for affidavit of illegality to a *fi. fa.* issued on the forfeiture of a recognizance that the sureties on the bond had tendered to the sheriff the amount of the judgment in orders issued by the ordinary on the county treasury. County orders are not legal tender.

County matters. Illegality. Tender. Before Judge Lawson. Baldwin Superior Court. February Term, 1879.

A criminal bond was forfeited and *fi. fa.* issued. Perry & Denton, the sureties, filed an affidavit of illegality to it on the ground that they had tendered to the sheriff the full amount of the judgment in county scrip or orders, drawn by the ordinary on the county treasurer in favor of the sheriff for insolvent costs. The case was submitted to the court without a jury. He overruled the affidavit, and defendants excepted.

F. G. DuBignon, for plaintiffs in error.

Robert Whitfield, solicitor-general, by Jackson & Lumpkin, for defendant.

Warner, Chief Justice.

This case came before the court below on an affidavit of illegality made by Perry & Denton, defendants, to an execution in favor of the governor of the state which issued on a judgment obtained on a forfeited recognizance. The ground of illegality was that Perry & Denton had tendered to the sheriff in payment of said *fi. fa.* the amount thereof in county orders or scrip, which the sheriff refused to receive. On the hearing of the affidavit of illegality, the court overruled it, and decided that the execution must be paid in money, and not in county orders or scrip; whereupon the defendants excepted.

We are not aware of any law that makes the county orders or scrip of Baldwin county a legal tender in payment of a debt due to the state.

Therefore, let the judgment of the court below be affirmed.